FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 SEP 22 PM 3:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALFREIDA HOGAN, individually and )
on behalf of all others similarly situated, )
)
    Plaintiff, )
)
vs. ) CV 02-B-1599-S
)
ETHAN ALLEN, INC., )
)
    Defendant. )

ENTERED
SEP 22 2003

# MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 3.) Plaintiff, Alfreida Hogan, alleges that she bought a piece of furniture manufactured by defendant, Ethan Allen, Inc., and advertised as being made of solid cherry wood. Plaintiff alleges that, subsequent to her purchase of the furniture, she discovered it was not solid cherry wood. She brought this action on behalf of herself and a class of similarly-situated individuals, alleging state-law causes of action for fraud, negligence, unjust enrichment, breach of contract, and breach of warranty. Thereafter, defendant moved to dismiss her Complaint for failure to state a claim.[1] For the reasons set forth below, defendant's Motion to Dismiss, (doc. 3), is due to be denied in part and granted in part.

## I. MOTION TO DISMISS STANDARD

A Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield of Florida*, 1995 WL 931702, *5 (S.D. Fla.)(citing *Madison v. Purdy*,

---

[1] Defendant did not move to dismiss plaintiff's negligence claim.

410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)), *adopted in non-pertinent part in Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). Thus, "a defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II. STATEMENT OF FACTS

On November 11, 1998, plaintiff purchased a piece of furniture from the American Impressions line manufactured by defendant. (Doc. 1 ¶ 27.) Before she purchased the furniture, someone showed her defendant's catalog, which indicated that the American

Impressions line of furniture was made of cherry wood. (*Id.*) Plaintiff subsequently discovered that the furniture was not made of solid cherry wood, as she had been led to believe by the representation in the catalog. (*Id.*)

### III. DISCUSSION

Defendant contends that plaintiff's claims are due to be dismissed because her Complaint fails to state a claim for which relief can be granted. For the reasons set forth below, the court finds that defendant's motion is due to be granted in part and denied in part.

### A. BREACH OF CONTRACT AND BREACH OF WARRANTY

Plaintiff alleges that defendant promised its furniture was made of solid cherry wood and that the furniture plaintiff purchased was not made of solid cherry wood. Defendant contends that plaintiff's breach of contract claim is due to be dismissed because there is no contract between defendant and plaintiff because plaintiff did not purchase the furniture directly from defendant. Also, defendant contends that plaintiff's breach of warranty claim is due to be dismissed because plaintiff did not provide defendant with the statutory notice required by Alabama law.

The Complaint alleges that plaintiff "purchased a piece of Ethan Allen furniture from its retail store in Birmingham, Alabama." (Doc. 1 ¶ 27.) Also, the Complaint alleges:

> Plaintiff purchased items from a furniture line that Defendant represented as being manufactured to a standard calling for and containing solid cherry, but said items of furniture were not part of a line in which all items in the line were manufactured of solid cherry and, consequently, Defendant breached a contract and a warranty that items in the "American Impressions" line and/or other furniture lines would be consistently manufactured to the same high quality standard.

3

(Doc. 1 ¶ 43.) Plaintiff also alleges that defendant breached its "implied covenant of good faith and fair dealing." (*Id.* ¶ 37.)

The court finds that these allegations are sufficient to allege that plaintiff purchased the piece of furniture at issue in this case directly from defendant, and that the furniture purchased was not as defendant promised. The term of the contract and warranties allegedly breached by defendant are identical; both terms allegedly breached by defendant concern the wood content of the furniture purchased by plaintiff. Plaintiff's claim is that the goods she purchased were non-conforming; therefore, this is a warranty claim. *See Rhode v. E & T Investments, Inc.*, 29 F. Supp. 2d 1298, 1302 (M.D. Ala. 1998)("Plaintiff alleged that the manufacturer has delivered a defective product. The court finds that such an allegation should properly be asserted as a breach of warranty claim, and not a breach of contract claim." (citing *Ex parte Miller*, 693 So. 2d 1372, 1376 (Ala. 1997))).

Therefore, plaintiff's breach of contract claim is due to be dismissed.

Defendant also argues that plaintiff's breach of warranty claims are due to be dismissed because plaintiff did not provide defendant with notice of the alleged breach as required by Ala. Code § 7-2-607(3)(a). Section 7-2-607(3) states, "Where a tender has been accepted: (a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ." Section 7-2-607(3)(a) applies to express and implied warranty claims. *See Jewell v. Seaboard Indus., Inc.*, 667 So.2d 653, 660-61 (Ala. 1995). This provision has been

interpreted to require notice to a seller or a remote manufacturer before suit is filed. *See Hobbs v. General Motors Corp.*, 134 F. Supp. 2d 1277, 1283-85 (M.D. Ala. 2001). Moreover, notice must be affirmatively pleaded in the Complaint. *Id.* (citing *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468 (11th Cir. 1986)).

Plaintiff argues that she should be allowed to replead her breach of warranty claim to assert that she is excused from providing notice because such notice would have been futile. (Pl.'s Resp. in Opp. to Def.'s Mo. to Dismiss, p. 26.) Plaintiff has cited the court to no case law, and the court's independent research has revealed no case law, excusing compliance with the notice provision of Ala. Code § 7-2-607(3)(a) on the ground that notice would be "futile." Therefore, the court will not allow plaintiff to replead her express warranty and implied warranty claims, and such claims are due to be dismissed.

### B. UNJUST ENRICHMENT

Plaintiff alleges that defendant falsely advertised its furniture as solid cherry with an intent to mislead plaintiff and other consumers, and that, by offering such falsely-advertised furniture for sale, defendant "obligated itself to ***express*** covenants . . . and the ***implied*** covenant of good faith and fair dealing inherent in honest manufacture and marketing of furniture." (Doc. 1 ¶¶ 36-38.) Through these practices, plaintiff alleges, defendant "wrongfully obtain[ed] excess profits not due to it." (*Id.* ¶ 39.)

To the extent that plaintiff's claim of unjust enrichment is derivative of her fraud claim, based on false representations that the furniture was solid cherry, such claim is not a separate state-law claim. *Dickinson v. Cosmos Broadcasting Company*, 782 So. 2d 260, 266

(Ala. 2000)("'The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant . . . **holds** money which was improperly paid to defendant because of mistake or fraud.' . . . The claim is completely derivative of the fraud claims, and thus cannot stand as a separate state-law claim." (quoting *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So.2d 1385, 1387 (Ala.1986)).

Thus, plaintiff's separate claim for unjust enrichment is due to be dismissed. However, plaintiff may seek to disgorge any money wrongfully held by defendant based on its misrepresentation as a measure of damages for her fraud claim. As the court has previously dismissed plaintiff's breach of contract and breach of warranty claims, plaintiff cannot seek to recover any money wrongfully held by defendant based on such claims.

Therefore, defendant's Motion to Dismiss plaintiff unjust enrichment claim is due to be granted, and such claim is due to dismissed.

## C. FRAUD CLAIMS – INCLUDING DECEIT, AND RECKLESS, WANTON, OR NEGLIGENT CONDUCT

Plaintiff alleges that defendant misrepresented or suppressed the actual wood content of the furniture she purchased and that she, and members of the class she seeks to represent, relied upon the misrepresentation or concealment to their detriment. Defendant contends that plaintiff's fraud claims are due to be dismissed because plaintiff did not plead such claims with the particularity required by Fed. R. Civ. P. 9(b).

Rule 9(b) requires that the following elements of a fraud claim to be pled in plaintiff's Complaint:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2001)(quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)); *see also Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 568 (11th Cir. 1994)("Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the defendants allegedly fraudulent acts, when they occurred, and who engaged in them.").

In plaintiff's Complaint, she alleges that, sometime prior to her purchase of the piece of furniture on November 11, 1998, someone showed her a catalog that "proclaim[ed] the [American Impressions] line to be 'cherry.' " (Doc. 1 ¶ 27.) The Complaint also states that defendant advertised the American Impressions line as being made of solid cherry wood in brochures, promotional and advertising materials, and on an internet web site. However, the Complaint does not indicate that plaintiff was exposed to fraudulent statements made in documents other than the catalog or when such other statements were made. The Complaint states that, contrary to defendant's statement in the catalog and in other advertisements, the furniture purchased by plaintiff was not made of solid cherry wood. Moreover, the Complaint states that because of the misrepresentation or suppression of the wood content

of the furniture, plaintiff purchased the furniture at a higher price than she would have paid had she known the true wood content of the furniture.

The court finds that plaintiff's Complaint adequately states a claim of fraud with regard to the affirmative statement of the wood content of the American Impressions line of furniture made in the catalog plaintiff viewed prior to her purchase in November 1998. It does not, however, state a claim with regard to representations made in other forms of advertisement, which are referenced but not described in detail in plaintiff's Complaint.

Therefore, defendant's Motion to dismiss is due to be denied as to plaintiff's fraud claim based on the statements made in the catalog prior to plaintiff's purchase in November 1998. However, defendant's Motion to Dismiss is due to granted as to all other advertising or promotional materials referenced, but not described, in plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, the court finds defendant's Motion to Dismiss is due to be granted in part. Plaintiff's claims of breach of contract, breach of warranty, and unjust enrichment are due to be dismissed. Also, defendant's Motion to Dismiss is due to be granted as to plaintiff's fraud claims, except to the extent such claims are based on the statement of wood content contained in defendant's catalog prior to November 1998. As to plaintiff's fraud claims based on the statement of wood content contained in defendant's catalog prior to November 1998, defendant's Motion to Dismiss is due to be denied.

An Order in conformity with the Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this _22nd_ day of September, 2003.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge